[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Date of Sentence July 12, 1991 Date of Application July 16, 1991 Date Application Filed July 22, 1991 Date of Decision April 28, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Litchfield, Docket No. CR18-69485;
Carl Eisenman, Esq. Defense Counsel for Petitioner
Frank S. Maco, Esq. State's Attorney for the State
BY THE DIVISION
After a plea of nolo contendere, petitioner was found guilty and convicted of assault in the first degree in violation of General Statutes Section 53a-59 (a)(1) and robbery in the first degree in violation of General Statutes Section53a-134 (a)(2). Consecutive sentences of twenty years were imposed on each count resulting in an effective sentence of forty years. CT Page 4910
The facts underlying the conviction indicate that petitioner forced the victim from his car in a commuter parking lot and robbed him. In the course of the robbery, petitioner shot the victim in the head and attempted to stuff him into the car trunk. Unable to do this, petitioner disabled the victim's CB radio and attempted to get another person in the parking lot to leave the area. Petitioner then left the scene.
The wounds inflicted on the victim by the shooting were extremely grave. The victim almost died and bullet fragments remained in his brain stem. The victim was left with permanent disability similar to a stroke victim. He could neither take information or communicate effectively.
The attorney for the petitioner argued that the sentence was excessive in that although plaintiff was convicted of two separate offenses, it was actually a single offense transaction and therefore the sentences should be concurrent. If the sentences were to operate concurrently, it would result in a twenty-year sentence which the attorney claims would be fair.
Petitioner's attorney also stressed that his client expressed great remorse at the time of sentencing. It was also pointed out the petitioner was married with young children. If the sentence was not modified, it was claimed he would not see his children until age sixty.
Speaking on his own behalf, petitioner expressed sorrow for the victim and his family. However, he denied trying to put the victim into the trunk. Petitioner stated that he had received too much time. He stressed that his prior criminal record was not serious and that he was not a violent person but that he needed help with alcohol.
Petitioner also stated that he had not been able to see his children since his incarceration.
The state's attorney argued against any reduction. He reviewed the facts of the crime and stated that petitioner had fired three shots during the episode, then left the victim to die. The attorney pointed out the terrible effect which the crime had on the victim and his family. He also referred to the judge's remarks at the time of sentence to explain the maximum sentence imposed.
The judge's sentencing remarks indicate that the petitioner's plea of guilty was entered after negotiations which resulted in certain charges being removed from the CT Page 4911 information. This reduced petitioner's exposure from sixty-five years to forty years. The judge remarked that it was her belief that if the case had gone to trial, petitioner would have been convicted of all counts. The judge recited the terrible effect of petitioner's crime on the victim and his family and indicated that the only mitigation in sentence would come from the plea bargain.
In imposing sentence here, the trial court was faced with a young man with at least one felony conviction who had armed himself with a pistol and robbed and shot an innocent person. The injuries inflicted on the victim and the harm resulting to the victim's family were catastrophic. Under the circumstances of this case, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offense and the protection of the public interest. See Connecticut Practice Book Section 942.
Sentence affirmed.
PURTILL, J., KLACZAK, J., and NORKO, J. participated in this decision.